UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re:                                                    Chapter 11

975 Walton Bronx LLC,                                     Case No. 21-40487 (JMM)

                                Debtor.
--------------------------------------------------------x

**ORDER AUTHORIZING RETENTION**
**OF GOLDBERG WEPRIN FINKEL GOLDSTEIN LLP**
**<u>AS BANKRUPTCY COUNSEL FOR THE DEBTOR</u>**


       Upon the application (the "Application") of 975 Walton Bronx LLC, the above-captioned

debtor and debtor-in-possession (the "Debtor"), for entry an order, pursuant to Section 327(a) of

title 11 of the United States Code (the "Bankruptcy Code") and Rules 2014 and 2016(b) of the

Federal Rules of Bankruptcy Procedure, authorizing the employment of Goldberg Weprin Finkel

Goldstein LLP ("GWFG") as bankruptcy counsel to the Debtor; and upon the Declaration of

Kevin J. Nash, Esq., which is annexed to the Application (the "Declaration"); and it appearing

that GWFG is a "disinterested person" within the meaning of Sections 101(14) and 327 of the

Bankruptcy Code and does not represent any interest adverse to the Debtor's estate for the

matters upon which it is to be engaged; and this Court having determined that employment of

GWFG by the Debtor is in the best interests of the Debtor, its estate and its creditors; and

adequate notice of the Application having been given; and after due deliberation and sufficient

cause appearing therefor; it is hereby

ORDERED, that pursuant to Section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014, the Debtor is authorized to employ GWFG as its bankruptcy counsel, on the terms and conditions set forth in the Application and Declaration; and it is further

ORDERED, that to the extent the Application or Declaration is inconsistent with this Order, the terms of this Order shall govern; and it is further

ORDERED, that pursuant to 11 U.S.C. §327(a), GWFG shall seek compensation for its services and reimbursement of its expenses upon application to the Court, and upon notice and a hearing, pursuant to 11 U.S.C. §§ 330 and 331, Bankruptcy Rule 2014, E.D.N.Y.L.B.R.2014-1 and the Guidelines of the Office of the United States Trustee; and it is further

ORDERED, that GWFG shall apply the remaining amount of any pre-petition retainer as a credit towards post-petition fees and expenses, after such post-petition fees and expenses are approved pursuant to order the Court; and it is further

ORDERED, that prior to any increases in GWFG's rates, GWFG shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtor, the United States Trustee and any official committee, which supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtor has consented to the rate increase.  The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and all rates and rate increases are subject to review by the Court; and it is further

ORDERED, that, notwithstanding any provision to the contrary in the Application or the Declaration, the Court may retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order.

**NO OBJECTION:**
**WILLIAM K HARRINGTON**
**UNITED STATES TRUSTEE, REGION 2**

By:    _/s/ Jeremy S. Sussman, Esq._
       Jeremy S. Sussman
       Trial Attorney
       Office of the United States Trustee
       201 Varick Street, Suite 1006
       New York, New York 10014
       (202) 573-6935

Dated: New York, New York
      April 1, 2021

**Dated: Brooklyn, New York**
**April 6, 2021**

                             **Jil Mazer-Marino**
                         **United States Bankruptcy Judge**