UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re:

975 WALTON BRONX LLC,

             Debtor.
-----------------------------------------------------------------X

Chapter 11

Case No.: 21-40487-jmm

# MEMORANDUM DECISION ON WALTON IMPROVEMENT GROUP LLC'S MOTION FOR RECONSIDERATION OF ORDER DENYING CONFIRMATION OF WALTON IMPROVEMENT GROUP LLC'S PLAN

Appearances:

| | |
|---|---|
| Kevin J. Nash, Esq. | Benjamin Mintz, Esq. |
| J. Ted Donovan, Esq. | Justin Imperato, Esq. |
| Goldberg Weprin Finkel Goldstein LLP | Arnold & Porter Kaye Scholer LLP |
| 1501 Broadway, 22nd Floor | 250 West 55th Street |
| New York, New York 10036 | New York, New York 10019 |
| *Counsel for Debtor* | *Counsel for Walton Improvement Group LLC* |

## INTRODUCTION

Lender[1] moves for reconsideration of this Court's order denying confirmation of the Lender Plan. By way of background, the Lender's Claim is a nonrecourse, undersecured claim. The Lender Plan provides for the Lender's collateral to be returned to the Lender and for the Lender to receive or retain additional assets, including an assignment of Avoidance Actions and Adequate Protection Payments. The Court held that under Bankruptcy Code section 1111(b) and applicable case law, a nonrecourse creditor that receives its collateral under a plan is not entitled to a distribution on account of its deficiency claim and the distribution to Lender of assets in addition to the Lender's collateral resulted in the Lender being paid more than the amount of its claim. Therefore, the Lender Plan could not be confirmed because the plan violated Bankruptcy Code section 1129(b)(1)'s requirement that a plan be fair and equitable.

Lender concedes, at least for purposes of its motion for reconsideration, that its receipt of the Avoidance Actions under the Lender Plan violates Bankruptcy Code section 1129(b)(1). Lender argues, however, that the Court erred in finding that Lender's retention of the Adequate Protection Payments resulted in the Lender receiving more than the value of its secured claim. Lender contends the Adequate Protection Payments are the Lender's cash collateral and the Lender's secured claim is increased, dollar for dollar, by the Adequate Protection Payments. Therefore, Lender's retention of the Adequate Protection Payments does not result in the Lender receiving more than the allowed amount of the Lender's secured claim. As set forth below, but for the Lender Plan's language and the record of the hearings on confirmation, the Court would not have found the Lender's retention of the Adequate Protection

---

[1] Capitalized terms not defined herein have the meanings ascribed in the *Memorandum Decision on Confirmation of Debtor's Amended Chapter 11 Plan of Reorganization and Walton Improvement Group LLC's Plan of Liquidation for the Debtor*, Case No. 21-40487, ECF No. 231 (the "Confirmation Decision").

Payments violated 1129(b)(1). Nonetheless, the Court's ruling was indeed based, in part, on Lender's inaccurate statements at the confirmation hearing respecting the value of its collateral and the treatment of the Adequate Protection Payments under the Lender Plan.

At the Court's request, Lender filed a supplement to its motion for reconsideration with a proposed amended Lender Plan attached. The proposed amended plan is fair and equitable and satisfies Bankruptcy Code section 1129's other requirements for confirmation. The Debtor had the opportunity to respond to the proposed amended Lender Plan and to file its own amended plan and did neither.

If the Court grants the motion for reconsideration and confirms the proposed amended Lender Plan, distributions will be made on account of administrative expenses and general unsecured claims. If the Court denies the motion, the Lender could still propose and confirm the amended plan, albeit the Lender would be required to repeat the confirmation process. Alternatively, the Lender could obtain dismissal of this case or relief from automatic stay to foreclose on the Property based on the Debtor's inability to propose a confirmable plan. In either instance, creditors would not likely receive distributions on account of their claims.

As set forth more fully below, the Court grants the Lender's motion for reconsideration because (a) the proposed amended Lender Plan is confirmable, (b) the Court's decision to deny confirmation was based on a mistake, and (c) confirmation of the proposed amended Lender Plan is in the best interests of all creditors.

## **JURISDICTION**

The Court has jurisdiction to hear and determine this contested matter under 28 U.S.C. §§ 157(a), 157(b)(1) and 1334(b), and the Standing Order of Reference entered by the United States District Court for the Eastern District of New York, dated August 28, 1986, as

amended by Order dated December 5, 2012. This contested matter is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (L). This decision constitutes the Court's findings of fact and conclusions of law to the extent required by Rule 7052 of the Federal Rules of Bankruptcy Procedure.

## PROCEDURAL HISTORY

On June 23, 2023, the Court entered the Confirmation Decision denying confirmation of the Lender Plan and the Debtor's plan of reorganization. Confirmation Decision, ECF No. 231. On June 29, 2023, the Court entered an Order conforming to the decision. Order Deny. Confirmation of Debtor's Am. Chapter 11 Plan of Reorganization and Walton Improvement Group LLC's Plan of Liquidation for the Debtor, ECF No. 233. On July 12, 2023, Lender filed its motion seeking reconsideration of the Order to the extent it denied confirmation of the Lender Plan. Mot. for Recons. of the Order Deny. Confirmation of the Walton Improvement Group LLC's Plan (the "Motion"), ECF No. 235. The Court entered Stipulations and Orders scheduling briefing and hearings on the Motion. Stipulation Order by and between Debtor and Counsel for the Lender to Schedule Hr'g for the Status Conference on the Lender's Recons. Mot. and Adequate Protection Mot., ECF Nos. 239; Stipulation and Order Amending Scheduling Order by and between the Undersigned Parties, ECF No. 244. The Debtor filed opposition to the Motion on August 10, 2018. Mem. of Law in Opp'n to the Mot. to Recons., ECF No. 247.

After hearing oral argument on August 29, 2023, the Court permitted the Lender to file a proposed amended plan. Hr'g Tr. Aug. 29, 2023, 22:10-18. Although Debtor had not moved for reconsideration, the Court permitted the Debtor to file an amended plan as well. *Id*. On September 6, 2023, the Lender filed a proposed amended Lender Plan. Suppl. to Mot. for

4

Recons. of the Order Den. Confirmation of the Walton Improvement Group LLC's Plan, Ex. A, ECF 257.  The Debtor has not filed an amended plan or an objection to the proposed amended Lender Plan.  The Court held a second hearing on the Motion on September 27, 2023

### FACTUAL BACKGROUND

Relevant facts are set forth in the Confirmation Decision.

### DISCUSSION

Lender styles the Motion as being made under Rules 60(b)(1) and (b)(6) of the Federal Rules of Civil Procedure.  Debtor requests the Court deem the Motion as one to amend a judgment under Rule 59(e).

Rule 60 of the Federal Rules of Civil Procedure, made applicable to this contested matter by Rule 9024 of the Federal Rules of Bankruptcy Procedure states in relevant part that the court may relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect" and "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(1), (6).  Rule 59(e) of the Federal Rules of Civil Procedure, made applicable to this contested matter by Rule 9023 of the Federal Rules of Bankruptcy Procedure, states in relevant part that a motion to alter or amend a judgment must be filed no later than 14 days after entry of judgment.

Debtor contends the distinction between Rules 59(e) and 60(b) is material because the legal standard for obtaining relief under Rule 59(e) is more demanding than Rule 60(b).  Mem. of Law in Opp'n to the Mot. to Recons. at 5, ECF No. 247.[2]  Whether made under Rule 60(b) or 59(e), a party seeking relief from, or alteration of, a judgment must satisfy a heavy burden.  Reconsideration under Rule 59(e) is warranted when there has been a clear error or manifest

---

[2] The Motion was made within fourteen days of entry of the Order.  Accordingly, whether the Motion is treated as a motion under Rule 59(e) or Rule 60(b) would not impact Lender's time to appeal.

injustice in an order of the court or if newly discovered evidence is unearthed. *Ferreira v. Stern*, No. 22-CV-02182 (JMA), 2023 WL 2787631, at *3 (E.D.N.Y. Apr. 4, 2023). The "standard for granting [a Rule 59 motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d. Cir. 2012) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Similarly, "since 60(b) allows extraordinary relief, it is invoked only upon a showing of exceptional circumstances." *In re Pinnock*, 833 F. App'x 498, 501 (2d Cir. 2020) (quoting *Cent. Vt. Pub. Serv. Corp. v. Herbert*, 341 F.3d 186, 190 (2d Cir. 2003)). Neither Rule 60(b) nor Rule 59(e) may be used as a "vehicle for relitigating old issues ... securing a rehearing on the merits, or otherwise taking a second bit at the apple." *Ferreira,* 2023 WL 2787631, at *3.

Despite the strict standards, the Court has discretion to grant relief under Rule 59(e) and Rule 60(b) in the interests of justice and equity. *Nemaizer v. Baker* 793 F.2d 58, 61 (2d Cir. 1986) (Rule 60(b) "should be broadly construed to do 'substantial justice.'") (quoting *Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396, 401 (5th Cir. 1981)); Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* § 2810.1 (1995) (Rule 59(e) motions will be granted to correct errors of law or facts or to prevent manifest injustice.).

Lender contends the Court erred in fixing the value of the Lender's secured claim at $18 million, instead of $20.86 million representing the sum of $18 million (the agreed fair market value of the Real Property) plus $2.86 million of Adequate Protection Payments made by Debtor to Lender over the course of this case.

Lender argues the Court's valuation misapplied the parties "valuation stipulation" because the stipulation did not include the cash generated from the Debtor's operation of the

Property, including the Adequate Protection Payments. Mot. at ¶ 5. There was no written "valuation stipulation." Rather, Debtor's and Lender's respective counsel agreed on the record of the confirmation hearings that Lender's collateral was worth $18 million. *See* Tr. of Jan. 26, 2023 Hr'g, 28:19 – 29:2; 72:23 – 74:2, ECF No. 208; Tr. of June 14, 2023 Hr'g, 5:16-17, ECF No. 234. Neither party addressed the Adequate Protection Payments' impact on the allowed amount of the Lender's secured claim. The last word on valuation was the following:

> THE COURT: I think I started the January 26th hearing with a question about the allowed amount of the secured claim and I think I got an answer. I think the allowed amount of Mr. Mintz's client's claim is $18 million. When I went back and looked at it, I realized that that's clear to me that the secured claim is $18 million but I think the language was a little soft in that there's some language that says for purposes of the confirmation hearing, the allowed -- it's $18 million. It's $18 million. And then we go back and forth, the value of the property is $18 million, but the collateral package isn't just the property. It's the property, the leases, and you know, all of the other assets that the Debtor has that's subject to the pre-petition claim. So I don't want to make a finding of fact that the lender's secured claim is $18 million without nailing that down. I just, for me, I feel it's clear and that's what I think it is, but the one thing that I would be very embarrassed about is if I made a finding of fact and it was erroneous. So, Mr. Mintz, my takeaway is that the lender's collateral package is $18 million. But was that what you meant to say when we talked about it, like in January?
>
> MR. MINTZ: Yes, Your Honor. You're -- that's correct. Appreciate you clarifying that. My -- when I was referencing the property there, I wasn't trying to be cute or narrowing or anything like that. In the context of this hearing, we were stipulating to that $18 million number.

*Id.* at 4:20 – 6:23.

Lender argues its secured claim must include both the value of the Property plus the Adequate Protection Payments because the Debtor did not dispute the Lender's lien on the Debtor's cash. Mot. at ¶ 6. However, the Debtor did not dispute any of the Lender's liens whether on cash, real property, or other assets. The dispute never concerned lien validity but, rather, the value of the collateral.

Lender argues the $18 million valuation must be incorrect because the $18 million agreed value was based on the Debtor's and the Lender's Property appraisals, which did not account for cash collateral paid to the Lender or any of the Debtor's cash. Mot. at ¶ 7. However, the Debtor's appraisal and the Lender's appraisal both value the Property on an income capitalization approach as well as a comparable sales approach. The income capitalization approach accounts for the Property's cash flows, which are the source of the Adequate Protection Payments. *See* Debtor's Appraisal at 80, ECF No. 86; Lender's Appraisal, Ex. Q-1 at 60, ECF No. 86-4.

Lender argues that the Court erred because it "held that, as a nonrecourse secured creditor, the Lender is entitled to receive *only* the Property." Mot. at ¶ 4 (emphasis provided). Lender misconstrues the Court's holding. The Court held that as a nonrecourse secured creditor, the Lender is entitled to receive only the value of its collateral (inclusive of, but not limited to, the Property) but was not entitled to receive distributions on account of its deficiency claim.

The Court was aware that the Lender's collateral included all the Debtor's assets, not just the Property. The Court valued the Lender's collateral at $18 million because the Lender stated on the record both that the Property was worth $18 million, and its entire collateral package was worth $18 million.

Additionally, the Lender Plan itself suggests that the Lender viewed the Adequate Protection Payments as something other than its collateral. Lender Plan Section 3.5 provides for the Property and the Assets to be transferred to the Lender or its assignee in partial satisfaction of the Allowed Lender's Claim but does not provide for the Adequate Protection Payments to be applied to the Allowed Lender's Claim. Instead, Lender Plan Section 3.5 provides that the

"Lender shall retain and *in its discretion* apply the Adequate Protection Payments received from the Debtor." (Emphasis provided.)

Further, the Lender Plan's definition of the Allowed Lender's Claim overstates the Lender's secured claim. Section 1.53 of the Lender Plan says the Lender's Claim is in an amount not less than $25,458,110.80 as of the Petition Date, which is the aggregate amount owed to the Lender as of the Petition Date as opposed to the value of the Lender's Collateral.

Moreover, the Lender Plan does not acknowledge that the Lender's claim is nonrecourse and the Lender is not entitled to payment of its undersecured claim in full. To the contrary, the Lender Plan states that the Property and Assets shall be transferred in "partial satisfaction" of the Allowed Lender's Claim. The transfer of the collateral to the Lender should satisfy the Lender's Claim in full not in part.

Notwithstanding the foregoing, Debtor does not dispute that the Adequate Protection Payments are the Lender's collateral. Further, the Court accepts that Lender did not intend to state that the $18 million value of its collateral included the value of the Adequate Protection Payments. Accordingly, the Court's determination to deny confirmation of the Lender Plan due to the Lender's retention of the Adequate Protection Payments was based on a mistake of fact.

Further, the proposed amended plan, corrects the Lender Plan's infirmities. In that regard: (a) the proposed amended Lender Plan clarifies that the Lender's Allowed Claim is limited to its secured claim (Suppl. to Mot. for Recons. of the Order Den. Confirmation of the Walton Improvement Group LLC's Plan, Ex. A at §§ 1.12, 1.53, ECF 257); (b) the transfer of the Property and Assets to the Lender and the Lender's retention of the Adequate Protection Payments shall be in full satisfaction of the Allowed Lender's Claim (*Id.* at § 3.5); and (c) the

Debtor shall waive and release the Avoidance Actions as opposed to transferring the actions to the Lender (*Id.* at § 6.1).

Lastly, the equities and practicalities of the case compel the Court to grant the Motion. If the Court were to deny the Motion, the Lender could nonetheless seek confirmation of the proposed amended Lender Plan, albeit the Lender would be required to repeat the solicitation and confirmation process. Requiring the Lender to go through that process would be futile and wasteful as the plan could be confirmed even if all creditors, except the Lender, rejected the proposed amended plan. In addition, the Debtor has not proposed a confirmable plan and no other party in interest has expressed an interest in proposing a plan, and absent confirmation of the proposed amended Lender Plan, there is little prospect for creditors to receive any distributions on account of their claims.

## CONCLUSION

For the reasons set forth above, the Motion is granted, and the proposed amended Lender Plan shall be confirmed. The Lender is directed to submit an order granting the Motion and confirming the proposed amended Lender Plan within fourteen days of entry of this decision.



Dated: October 3, 2023
Brooklyn, New York

Jil Mazer-Marino
United States Bankruptcy Judge